UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JASMINE LAWRENCE,** | ) | **CASE NO.1:12CV2600** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **MAXIM HEALTHCARE SERVICES, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Jasmine Lawrence's Motion for Conditional Class Certification, Court Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. 216(b), and Expedited Discovery (ECF # 43). For the following reasons, the Court grants Plaintiff's Motion, in part.

Plaintiff was employed by Defendant as an in-home health aide and alleges Defendant denied her overtime pay at a rate of one and one half times her hourly rate, in violation of the Fair Labor Standards Act ("FLSA") of 1938. Plaintiff seeks conditional certification for an opt-in class defined as: "all hourly in-home health care workers employed by Defendant at any time in the past three years." Plaintiff alleges Defendant denied her and those similarly

situated to her overtime pay and alleges her collective action claim depends on a factual question -i.e.- "whether they were employed by Defendant to work in the clients' homes to provide companionship services, or instead, were employed by Defendant to perform general household work for their clients in the clients' homes for more than 20 percent of the total weekly hours worked."  Plaintiff offers as evidence her declaration wherein she states she was regularly required to work more than forty hours a week but was not compensated for her overtime at the required rate of one and one half times her regular hourly pay rate.  Plaintiff attaches the declarations of opt-in Plaintiffs Mary Darr and Esmeralda Garcia, both home health aides who performed the same duties as Plaintiff.  These Plaintiffs declare they were not paid the statutory overtime rate of one and one half times their regular hourly rate.  All three declarants state they performed the following duties: "meal preparation and service; cleaning the kitchen and other room; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; errands outside of the home; medical and other appointments; personal hygiene care; and mobility exercises."  Each declarant further states they are aware of other similarly situated employees who were also denied overtime compensation.  According to Plaintiff, it was Defendant's policy not to pay overtime to home healthcare workers.

Defendant contends Plaintiff has failed to meet her burden to show she is similarly situated to members of the proposed class because home health aides' duties vary from patient to patient as does the time spent on those duties.  Each patient's care plan is highly individualized and depends on a number of factors including: the patients functional limitations, illness, the state where they reside, treating physicians care plan, and the patient's

care provider's (insurance, government health plan, workers compensation, etc...) approved care requirements. Therefore, Plaintiff and those similarly situated require highly individualized inquiry not suitable for a collective action. While the definition of the FLSA claim is broadly worded, Defendant contends Plaintiff has only offered evidence to support FLSA violations on behalf of home health aides in Ohio. Additional factors such as the number of patients assigned to an HHA, the program or policy governing that patients care, the work schedules of the HHA's and the patient's environment all impact the nature of the duties and the time spent by an HHA on a patient and present highly individualized schedules not suitable for a collective action. Defendant also contends Plaintiff's are exempt employees under the companionship services exemption.

## **LAW AND ANALYSIS**

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b). Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. 29 U.S.C. § 216(b). District courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id.* at 546. In the first phase, courts may grant conditional class certification upon a

modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

The Court finds Plaintiff has met her "slight burden" under the Sixth Circuit-approved two phase test and grants conditional certification. Defendant contends Plaintiff cannot show she is similarly situated to others in the proposed class because of the varying job duties and requirements of in-home health workers. However, the Sixth Circuit has held that a Plaintiff, at the first phase, need only demonstrate the proposed FLSA collective class suffered from a common FLSA violating policy. See *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567,

585 (6th Cir. 2009) ("[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  In *O'Brien,* the Sixth Circuit examined what constitutes "similarly situated" at the conditional certification stage of an FLSA collective action.  The Sixth Circuit concluded "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id.  Thus, at this stage of the proceedings, the similarity of Plaintiff and the collective classes' job descriptions and duties are not dispositive on whether to conditionally certify the collective action.  The Sixth Circuit further determined that it did not matter at this stage of the litigation if the employees held different job titles.  "Defendants note that some of the plaintiffs were managers and therefore could not be "similarly situated."  This is not a compelling argument, because managers could also have been cheated by defendants." *Id*.  Thus, the Court, in applying Sixth Circuit precedent, concludes that, at the opt-in stage of proceedings, the Court must consider whether Plaintiffs can demonstrate that the alleged putative collective class suffered from single FLSA violating policy.  That is all that is required at the opt-in stage.  Furthermore, under *Comer*, it only requires a "modest factual showing."

      Here, Plaintiff offers her own declaration and the declaration of two opt-in Plaintiffs, all asserting that throughout their employment they were not paid overtime compensation at a rate of one and one-half times their hourly rate and that they were aware of other employees of Maxim who performed the same duties who were not paid overtime.  She also offers her pay stub and Weekly Notes evidencing that she worked more than forty hours in a week

without receiving time and a half pay.  Therefore, Plaintiff has met her modest factual showing sufficient to warrant conditional certification.  Any contention that the collective classes' job duties are not similarly situated is addressed at phase two of the proceedings after notice and discovery.

Defendant also contends home health workers are exempt under the companionship services exemption.  However, the Sixth Circuit has expressly determined that Plaintiffs need only show a common policy or conduct by Defendants that deprives Plaintiffs of rights under the FLSA.  Plaintiffs' declarations and supporting materials present sufficient evidence of such policies to support conditional certification.  Defendant offers more than a dozen declarations of Maxim employees attesting to the different programs, job functions and duties of Maxim home health workers.  However, it is inappropriate for the Court at the notice stage to resolve factual disputes or determine the merits of the claims or defenses.  "At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart v. Fifth Third Bank* 276 F.R.D. 210, 214 (S.D. Ohio, 2011).  This also includes arguments on possible exemptions under the FLSA.  See Heibel v. U.S. Bank Nat'l Assoc., No.2:11cv593 2012 WL 4463771 *5 (S.D. Ohio Sept. 27, 2012).  In light of applicable Sixth Circuit precedent, the Court finds Plaintiff has met her burden and grants her motion for conditional certification of her FLSA collective action.

Therefore, the Court grants Plaintiff's Motion for Conditional Class Certification of her FLSA claim.  The Class is defined as:

> All hourly in-home health care workers employed by Maxim healthcare Services at any time in the past three years.

Courts may supervise the issuance of notice in FLSA collective actions. See *Hoffmann–La Roche, Inc., v. Sperling,* 493 U.S. 165, 169 (1989). The FLSA "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170. The Court approves Plaintiff's Proposed Notice however, the Court agrees with Defendant that notice need only be sent by first class mail. Plaintiff motions the Court to compel Defendant to answer Plaintiff's interrogatories within fourteen days. However, given the potential size and scope of the class the Court orders Defendant to file with the Court, no later than three days from the date of this Order, a proposed time schedule to provide Plaintiff the requested discovery. Upon receipt, the Court will order expedited discovery and will set an opt-in period.

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated: October 9, 2013