UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JASMINE LAWRENCE, ET AL.,** | ) | CASE NO.1:12CV2600 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MAXIM HEALTHCARE SERVICES, INC.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Maxim Healthcare Services, Inc.'s Motion to Clarify, Motion for Reconsideration (ECF # 58) of the Court's October 9, 2013 ruling on Conditional Certification. Defendant asks the Court to reconsider its definition of the Fair Labor Standards "class". The Court denies Defendant's Motion.

The Federal Rules of Civil Procedure do not provide for motions to reconsider. Generally, they are treated as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). Motions for reconsideration, though frequently brought, are granted only in rare and unusual circumstances. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio

1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp.1182,1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F.Supp.2d 573, 634 (N.D. Ohio 2003). Defendant's motion accomplishes none of those goals.

While the Court is not unsympathetic to the size and scope of the potential opt-in class, Defendant's arguments do not change the Court's original conclusion that the Sixth Circuit decision in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) compels the result as ordered. Defendant will have an opportunity to challenge the opt-in class definition, which includes a number of different job categories as outlined in *O'Brien*. It will also have an opportunity to raise its defenses on whether the opt in class members are "similarly-situated." That battle however, is for another day.

Therefore, the Court denies Defendant's Motion.

IT IS SO ORDERED.

        /S/Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        United States District Judge

Dated: December 23, 2013