UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JASMINE LAWRENCE,** | ) | **CASE NO.1:12CV2600** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MAXIM HEALTHCARE SERVICES, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

**I. BACKGROUND**

Plaintiff, Jasmine Lawrence, worked for Defendant, Maxim Healthcare Services, Inc., as a Home Health Aid ("HHA") from approximately May 2011 until October 2012. Defendant is a provider of home health care, medical staffing and wellness services for children, adults and senior citizens living with chronic conditions, recovering from illness or in need of daily assistance. For each patient, Defendant establishes a unique plan of care, based on the orders of the patient's treating physician or supervising medical provider, customized to the patients medical condition, abilities and needs and incorporating the services that are funded by the insurance provider. Each plan of care specifies the types of

duties that the HHA must perform and the HHA is not authorized to perform any outside the plan of care, even if requested by the patient.  The HHA completes a form entitled "Aide Weekly Notes" at the end of each shift which the HHA and the patient sign, detailing the time the HHA arrived and departed; patient care performed and the total hours for each day.

During her time employed by Defendant, Plaintiff provided services to two patients, a married couple (collectively the "patients").  Plaintiff testified that she regularly worked approximately sixty-nine to seventy-six hours per week, however, she was paid only her straight hourly rate for all hours worked over forty each week.  The parties agree that there are weeks in which Plaintiff worked in excess of forty hours and did not receive overtime.

Plaintiff alleges that she is owed overtime for some of the weeks she worked in excess of forty hours.  Defendant alleges that Plaintiff's employment falls under the companionship services exemption of the Fair Labor Standards Act (FLSA) and as such, she is not entitled to overtime.  Plaintiff argues that the companionship exemption does not apply to her because she spent more than 20% of her time performing general household services.

Plaintiff brought suit seeking unpaid overtime on October 17, 2012.  Plaintiff initially sought certification as a representative for a class action suit against Defendant, however her case was later decertified.  Following the decertification of the class, Defendant moved for Summary Judgment on October 28, 2015.

Because Plaintiff has raised questions of genuine material fact, Defendant's Motion for Summary Judgment is denied.

## II. LAW & ANALYSIS

### A. Standard of Review

Summary Judgment should be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitle to judgment as a matter of law." *See* Fed. R.Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v Catrett,* 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. V. Espy,* 39 F. 3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but most come forward with some significant probative evidence to support its claim. *Celotex,* 477 U.S. at 324; *Lansing dairy*, 39 F.3d at 1347.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v Gilley,* 385 F. 3d 683, 689-90 (6th Cir. 2003). A fact is only material if its resolution "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.

The Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.,* 78 F. 3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees,* 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a mater of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**B. Fair Labor Standards Act**

Under the FLSA, an employee who works more than forty hours in a work week must receive overtime compensation at a rate not less than one and one-half times their regular rate. 29 U.S.C. § 207(a)(1). In 1974, Congress amended the FLSA to include many "domestic service" employees not previously subject to its minimum wage and maximum hour requirements. *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007). At the same time, Congress created an exemption that excluded from FLSA coverage certain employees such as companionship workers. *Id.*, citing 29 U.S.C. § 213(a)(15). The Department of Labor defines "companionship services" as:

> [T]hose services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work. Provided, however, [t]hat such work is incidental, i.e., does not exceed 20

>percent of the total weekly hours worked.  The term "companionship services" does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse.  29 C.F.R. § 552.6.

Moreover, "[t]he companion must perform the services with respect to the aged or infirm person and not generally to other persons."  29 C.F.R. § 552.106.

A Department of Labor opinion letter from March 16, 1995, referenced by both Plaintiff and Defendant, reads in part:

>[I]t is our opinion that such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient and would be the type of household work that would be exempt for purposes of § 13(a)(15) of the FLSA.  However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a "trashy" house would be general household work or nonexempt work that is subject to the 20 percent time limitation. (ECF DKT #117-26 & ECF DKT #120-18).

FLSA exemptions are "affirmative defense[s] on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).  Exemptions "are to be narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960).  *See Thomas v. Speedway SuperAmerican, LLC,* 506 F. 3d 496, 501 (6th Cir. 2007).  While the Sixth Circuit has observed that an employer "must establish through 'clear and affirmative evidence' that the employee meets every requirement of an exemption," *Ale v. TVA*, 269 F. 3d 680, 691 (6th Cir. 2001), the burden of proof on an employer is not heightened; rather, an employer has the burden of establishing the elements by a preponderance of evidence.  *Renfro v Ind. Mich. Power Co.,* 497 F. 3d 573, 576 (6th Cir. 2007).

**1. Defendant's Motion for Summary Judgment on FLSA and Ohio Wage Act Overtime Claims**

Defendant argues that the nature of Plaintiff's duties placed her employment into the companionship services exception to the FLSA.  Defendant argues that Plaintiff was assigned to follow a plan of care for her two patients, that the patients' plans of care were ordered by their medical providers and that therefore, any task listed on their plans of care is de facto related to the personal care of the patients.  Defendant further argues that any general housework unrelated to patient care done by Plaintiff did not add up to 20% of the work she performed on any given week.  Thus, Defendant argues that if Plaintiff followed the plan of care, that would mean all of Plaintiff's work falls squarely into the companionship exemption.

However, Plaintiff disputes the application of the companionship exemption to the care she provided to her patients.  Plaintiff makes a number of claims about the care she provided, which taken in total, raise genuine issues of material fact about whether or not her employment should have been considered exempt under the FLSA.  Plaintiff testified she often spent time on general household cleaning tasks, such as taking out the trash (*Id.* at 69, 105, 124), cleaning the refrigerator (*Id.* at 71, 165), cleaning the oven (*Id.* at 72, 105, 151-52), cleaning off the porch (*Id.* at 108), washing the windows (*Id.* at 106), and dusting (*Id.* at 165).

Also, in Plaintiff's deposition, she lists two family members who lived with her patients, as well as an additional eight grandchildren who visited several times a week, often staying all day or even overnight.  (ECF DKT #120-1 at 39-43).  Plaintiff testified that the additional family members would mix their dirty laundry in with the laundry Plaintiff was obligated to clean.  *Id.*  at 188-89.  Plaintiff also testified that the family members would

leave dirty clothes and shoes laying around the house, as well as spills and garbage for Plaintiff to clean. *Id.* at 45-46, 70-71, 84-85.  Plaintiff testified that the grandchildren would frequently rearrange the furniture to create play areas and that Plaintiff, in keeping with her responsibility to keep the walkways in the home safe and secure, would have to move the furniture back into place. *Id.* at 45.  Plaintiff testified that she was often asked to cook larger, family style meals, so that her patient's extended family could dine alongside her patients. *Id.* at 75-76, 131-34, 190-91, 198-99.  Plaintiff further testified that, after cooking larger meals for the entire family, she would also have to wash dishes for entire family.  Relatedly, Plaintiff testified that she often had to wash dishes left in the sink from family meals occurring prior to her shift. *Id.* at 107, 153.  Plaintiff testified that she was tasked with cleaning both bathrooms, a task made more time consuming by the fact that the entire family used the bathrooms, relying on Plaintiff to keep them clean. *Id.* at 71.

Plaintiff contends that Defendant was aware that there were additional family members in the home and that her supervisors had often observed her taking care of, cleaning up after or feeding the grandchildren. *Id.* at 154, 195-96, 202.  Plaintiff further testified that she was verbally instructed to do what was necessary to keep the patient happy, even if that meant going above and beyond the tasks listed in her patient's plan of care. *Id.* at 46-47, 183.

Defendant argues that Plaintiff's weekly notes did not reference any services performed for non-patients.  However, Defendant's training material indicates that HHA's are to document the services provided to the patient with a minimum of subjective data (ECF DKT #120-4 at 0522) and Defendant's Aide Weekly Notes form had no express field to document the provision of services that were not on the plan of care.  Indeed, one of

7

Defendant's representatives testified that Plaintiff was considered an exempt employee at the time of hiring and no ongoing effort was made by Defendant to verify whether or not Plaintiff's work was exempt or non-exempt on a week to week basis. (ECF DKT #120-12 at 50-52, 143-44). Similarly, several of Defendant's employees testified that Defendant was not even interested in collecting information relevant to an analysis of its employee's exempt or non-exempt status. (ECF DKT #120-5 at 43-44, #120-7 at 136, #120-10 at 40-43).

      Defendant further argues that any additional effort by Plaintiff that benefitted the family was tethered to work she was required to do for her patients and that such work would need to be wholly separate in order to be exempt. Additionally, Defendant mischaracterizes Plaintiff's argument, suggesting that by citing to *Anglin v Maxim Healthcare Servs. Inc.,* Plaintiff seeks to have any work involving both exempt and non-exempt functions be automatically considered non-exempt work. No. 08-689, 2009 WL 2473685. Rather, Plaintiff correctly asserts the *Anglin* holding, that whenever work simultaneously involves both exempt and non-exempt functions, a genuine issue of material fact arises as to whether or not the work is exempt. Similarly, Defendant misconstrues Plaintiff's argument that an employer *could* lose the companionship services exemptions exemption in any week in which non-exempt work is performed, suggesting that Plaintiff seeks this result regardless of whether or not she performed more than 20% non-exempt work in a week. Rather, Plaintiff correctly argues that in any week in which she performs non-exempt work, there exists a genuine issue of material fact, an analysis as to whether or not that non-exempt work comprised greater than 20% of the total work she did that week, as regulation only allows for the application of the exemption if the performance of general household work is "incidental,

i.e., does not exceed 20 percent of the total weekly hours worked." 29 C.F.R. § 552.6. Because genuine issues of material fact exist between the parties as to whether or not Plaintiff performed more than 20% non-exempt in some work weeks, the Court denies Defendant's Motion for Summary Judgment on Plaintiff's overtime claim.

## 2. Defendant's Motion for Summary Judgment on Ohio Prompt Pay Act Claim

Defendant's argument for summary judgment on this claim turns on finding for the Defendant on Plaintiff's overtime claims. Essentially, if Defendant is granted summary judgment on Plaintiff's overtime claims, then Defendant owes Plaintiff no back pay. However, as Plaintiff has established genuine disputes over material fact in regard to her overtime claims, those claims survive. Similarly, because the parties have a genuine dispute over wages owed to the Plaintiff, the Court denies Defendant's Motion for Summary Judgment on Plaintiff's Prompt Pay claim

## 3. Defendant's Motion for Summary Judgment on "Off the Clock Claims"

Plaintiff testified that she was working time outside of her scheduled shift by Defendant, not reporting working the time outside of her shift and not being paid for that time. (ECF DKT #120-172-173). Plaintiff further testified that she was instructed by Defendant not to report working time outside of her scheduled shift. *Id.* at 174-175. When confronted with time sheets from periods throughout most her tenure of employment, Plaintiff admitted to submitting reports, accurate to the minute, for work outside of her scheduled shift and for being paid for all reported work. *Id.* at 176-177. However, in keeping with Plaintiff's testimony that she was told not to report any unscheduled work, and after reporting work periods accurate to the minute for most of her tenure of employment, Plaintiff has a small

9

number of pay periods towards the end of her time working for Defendant that claim Plaintiff worked her scheduled shift exactly each week. *Id.* at 147-49.  Because the parties have a genuine dispute as to a material fact, whether or not Plaintiff worked unreported hours, the Court denies Defendant's Motion for Summary Judgment on Plaintiff's "off the clock" claims.

### III. CONCLUSION

Plaintiff has presented evidence that establishes a genuine dispute over material facts between the parties, specifically as to the amount of "heavy" housework Plaintiff performed and the amount of household work Plaintiff performed for individuals other than her patients. Defendant, Maxim Healthcare services, Inc. has failed to satisfy its burden of establishing that Plaintiff qualified under the companionship exemption to the FLSA overtime mandates. Similarly, the parties have a dispute as whether Defendant owes Plaintiff any unpaid wages and whether Plaintiff worked any unpaid hours.  Therefore, the Court denies Defendant's Motion for Summary Judgment (ECF DKT #117-1) for all claims.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  July 13, 2016